

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 202.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/202

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-2292
_____

LI LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A78-864-361)
Immigration Judge: Miriam K. Mills
_____

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2007

Before: SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed: November 23, 2007)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Li Lin petitions for review from the final order of the Board of Immigration Appeals denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reason that follows, we will deny the petition for review.

I.

Lin is a native and citizen of the People's Republic of China. On June 27, 2002, Lin arrived in the United States without valid entry documents. Upon her arrival, an officer of the Immigration and Naturalization Service interviewed Lin under oath. During that interview, Lin stated that she was seeking asylum "because of Falun Gong." When Lin was asked, "Do you practice Falun Gong?," she replied, "No." When asked why she was requesting asylum based on Falun Gong if she did not practice it, she answered, "My parents practice Falun Gong."

In July 2003, Lin applied for asylum, withholding of removal, and relief under CAT. In her application, Lin again asserted that her parents had practiced Falun Gong in China. She also alleged that she would be arrested if deported to China "because [she] was involved in the activities of Falun Gong." At a hearing before the Immigration Judge on November 27, 2004, Lin testified that she feared returning to China because she had practiced Falun Gong in China on a weekly or bi-weekly basis.

On November 27, 2004, the Immigration Judge denied Lin's application, finding that Lin was not credible and thus had failed to meet her burden to demonstrate a well-

2

founded fear of persecution.  Lin appealed and the Board of Immigration Appeals affirmed.

We have jurisdiction under 8 U.S.C. § 1252.

## II.

We review factual findings, including credibility determinations, for substantial evidence.  8 U.S.C. § 1254(b)(4)(B); *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003).  On appeal, Lin argues that the record does not support the Immigration Judge's finding that Lin was not credible.  We disagree.  There is substantial evidence in the record to support the finding that Lin lacked credibility.  The record contains a major inconsistency regarding whether Lin practiced Falun Gong in China.  At Lin's airport interview, which the record indicates was conducted in Lin's native language, Lin specifically denied practicing Falun Gong.  Then, at the hearing before the Immigration Judge, Lin testified that she had practiced Falun Gong in China on a weekly or bi-weekly basis.  This inconsistency goes to the heart of Lin's claim and is sufficient to support the Immigration Judge's adverse credibility determination.

## III.

For the reason stated above, we deny the petition for review.